**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Henry Mason | Case No.: 2:26-cv-00068-APG-NJK |
| Petitioner | **Order Granting Petitioner's Motion for Counsel and IFP Application** |
| v. | |
| State of Nevada, *et al*., | [ECF Nos. 1-1, 4] |
| Respondents | |

*Pro se* Petitioner Henry Mason commenced this habeas action by filing a Motion for Modification of Sentence, an Application to Proceed *In Forma Pauperis* (IFP), and a Motion for Counsel. ECF Nos. 1-1, 1-2, 4. This habeas matter is before me for initial review under the Rules Governing Section 2254 Cases.[1]

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

Although Mason filed a Motion for Modification of Sentence, he appears to assert claims for relief under 28 U.S.C. § 2254 and indicates on his IFP application that he is a petitioner filing a petition for writ of habeas corpus. ECF No. 4 at 1. Mason challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County. *State of Nevada v.*

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

*Mason*, Case No. C-23-372879-1.[2]  The state district court entered a judgment of conviction for battery with use of a deadly weapon resulting in substantial bodily harm, victim 60 years of age and residential burglary while in possession of a deadly weapon.  The state district court sentenced Mason to a term of 6 to 15 years.  Mason did not file a direct appeal.

Mason filed a state habeas petition and the state district court denied relief.  The Nevada Court of Appeals affirmed the denial of relief.  Mason initiated this federal habeas corpus proceeding. ECF No. 1.  I instructed him either pay the filing fee or file an IFP application, and he timely complied. ECF Nos. 3, 4.  I find good cause exists to grant the IFP application.

Turning to Mason's motion for counsel (ECF No. 1-1) to assist him in this habeas action, there is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *See Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007)).  However, an indigent petitioner may request appointed counsel to pursue that relief. *See* 18 U.S.C. § 3006A(a)(2)(B).  The decision to appoint counsel is generally discretionary. *Id.* (authorizing appointment of counsel "when the interests of justice so require").  But counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is so uneducated that he or she is incapable of fairly presenting his or her claims. *See La Mere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

I find that appointment of counsel in this case supports the interests of justice given, among other things, the complexity of Mason's claims, his lengthy sentence, that his petition

---

[2] The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts. The docket records may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and at: http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

may raise relatively complex issues, and it is unclear whether he will be able to adequately articulate his claims in proper person with the resources available to him.  Therefore, Mason's motion for counsel is granted and the Federal Public Defender is provisionally appointed to represent him.

I THEREFORE ORDER:

1.  Petitioner Henry Mason's motion for counsel (ECF No. 1-1) is granted.

2.  The Federal Public Defender is provisionally appointed as counsel and will have 30 days to undertake direct representation of Petitioner or to indicate the office's inability to represent Mason in these proceedings.  If the Federal Public Defender is unable to represent Mason, the court will appoint alternate counsel.  Appointed counsel will represent Mason in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.  A deadline for the filing of an amended petition or seeking other relief will be set after counsel has entered an appearance.  The court anticipates a deadline of approximately 60 days from entry of the formal order of appointment.

3.  Any deadline established or any extension thereof will not signify any implied finding of a basis for tolling during the time period established.  Mason at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims.  That is, by setting a deadline to amend the petition or by granting any extension thereof, the court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

3

4. The Clerk of Court is directed to add Nevada Attorney General Aaron D. Ford as counsel for Respondents and to provide Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only.  Respondents' counsel must enter a notice of appearance within 21 days of entry of this order, but no further response will be required from Respondents until further order of the Court.

5. The Clerk of Court is further directed to send a copy of this order to Mason, the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this division.

DATED: February 24, 2026

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

4